IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRAIGORY D. ADAMS | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4-10-CV-0216-BD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Craigory Adams seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including high blood pressure, asthma, diabetes, gallbladder disease, bipolar disorder, depression, and social phobia. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case -- an initial hearing on February 29, 2008, and a supplemental hearing on July 8, 2008. At the time of the second hearing, plaintiff was 47 years old. He earned a high school diploma after attending special education classes, and has past work experience as a fast food worker, a hospital cleaner, a street cleaner, and an order filler. Plaintiff has not engaged in substantial gainful activity since June 14, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from depression and borderline intellectual functioning, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a bench assembler and a deli cutter/slicer -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In three broad grounds for relief, plaintiff contends that: (1) he meets or equals the requirements of Listing 12.05C pertaining to mental retardation; (2) the ALJ improperly rejected the opinions of a consulting physician; and (3) the Appeals Council failed to consider new and material evidence of his disability.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court

may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding at Step 3 of the sequential evaluation analysis that he does not meet or equal the requirements of Listing 12.05C pertaining to mental retardation. Listing 12.05C provides, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially

manifested during the developmental period; *i.e.*, the evidence
demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the
requirements in A, B, C, or D are satisfied.

* * * *

C. A valid verbal, performance, or full scale IQ of 60 through 70 and
a physical or other mental impairment imposing an additional and
significant work-related limitation of function.

*See* 20 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05C. To meet the requirements of this listing, the claimant must satisfy the diagnostic elements of the introductory paragraph as well as the specific factors of paragraph C. *See Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009); *Arce v. Barnhart*, 185 Fed.Appx. 437, 2006 WL 1765899 at *1 (5th Cir. Jun. 22, 2006). A formal diagnosis of mental retardation is not required. *Lynch v. Astrue*, No. 7-10-CV-0032-BD, 2011 WL 1542056 at *3 (N.D. Tex. Apr. 22, 2011); *see also Blackstock v. Astrue*, 527 F.Supp.2d 604, 619 (S.D. Tex. 2007) (citing cases).

The ALJ found plaintiff suffered only from borderline intellectual functioning, not mental retardation, and did not meet or equal the requirements of Listing 12.05C. (*See* Tr. at 17). In making this determination, the ALJ gave significant weight to the opinions of Dr. John Simonds, a non-examining medical expert, who testified that whether plaintiff could be considered mentally retarded was "entirely dependent upon whether he had MR when he was below age 22." (*Id.* at 50). Dr. Simonds concluded that the medical evidence did not support such a finding because "all we know there is that he was in special ed for learning disability, we don't have any IQ scores." (*Id.*). With respect to the requirements of Listing 12.05C, Dr. Simonds opined:

> I don't think that we could say for sure that he has mild mental
> retardation based on the score, as an adult, because we don't know
> what the score was as somebody below age 22. We know he had

> learning disability, we know he's done jobs, that he has reading skills, that his job history is certainly not consistent with mild MR. He's so that, that he wouldn't really fit into 12.05.

(*Id.* at 52). Relying on this testimony, particularly the absence of IQ testing before age 22, the ALJ found that plaintiff did not meet the requirements of Listing 12.05C. (*Id.* at 16-17).

Contrary to the reasons offered by Dr. Simonds and accepted by the ALJ, there is a substantial body of case law which holds that a claimant need not present a formal diagnosis of mental retardation or the results of IQ testing conducted before age 22 to meet the requirements of Listing 12.05C. *See, e.g. Durden v. Astrue*, 586 F.Supp.2d 828, 832-33 (S.D. Tex. 2008) (citing cases); *Reyes v. Astrue*, No. SA-07-CA-0389-XR, 2008 WL 2225672 at *4 (W.D. Tex. May 28, 2008). In fact, there is a presumption that IQ remains stable over time. *See Helton v. Astrue*, No. 2-08-CV-0079-J, 2011 WL 1743409 at *4 (N.D. Tex. Apr. 22, 2011), *rec. adopted*, 2011 WL 1752243 (N.D. Tex. May 6, 2011) (citing cases); *Miller v. Astrue*, No. 4-07-CV-2611, 2008 WL 8053474 at *3 n.1 (S.D. Tex. Sep. 8, 2008) (citing cases). Here, plaintiff scored below 70 on a battery of IQ tests administered by Dr. James C. McCabe, a consulting psychologist, in March 2008. Specifically, plaintiff had a performance IQ score of 67 and a full scale IQ score of 66 on the Wechsler Adult Intelligence Scale - III Test. (*See* Tr. at 740). Neither Dr. McCabe nor Dr. Simonds questioned the accuracy of those scores, which fell within the "upper mild range of mental retardation." (*Id.*). Dr. McCabe also administered the Vineland-II Test, which showed that plaintiff's level of adaptive functioning was lacking in several respects. (*Id.* at 743-50). Among other things, plaintiff's domestic skills and interpersonal skills were "particularly deficient." (*Id.* at 741). Only his gross motor skills and coping skills were found to be "adequate." (*Id.* at 745). Dr. McCabe noted that while it was easy for plaintiff to take the bus, watch television, and take medicine, it required "some effort" for him to bathe, prepare meals, do laundry, clean house, shop for groceries, read the

newspaper, and cope with daily responsibilities. (*Id.* at 739). It also was "hard" for plaintiff to drive a car, use the post office, use a telephone directory, go to church, pay bills, visit with others, and enjoy leisure activities. (*Id.*). There is no evidence anywhere in the record to suggest that plaintiff's IQ or level of adaptive functioning has changed at any point during his lifetime. To the contrary, school records dating back to 1974, when plaintiff was 12 years old, suggest deficits in both intellectual and academic functioning. (*See id.* at 290-91). Both Dr. McCabe and Dr. Simonds acknowledged that plaintiff attended special education classes while in school. (*Id.* at 50, 738, 742). The record also establishes that plaintiff suffers from severe depression that was exacerbated by the death of his twin brother. (*Id.* at 13, 403-04, 742). In view of this strong evidence of mental retardation and the improper reliance by the ALJ on the lack of IQ testing before the age of 22, the hearing decision must be reversed so the Commissioner can evaluate, in the first instance, whether plaintiff meets the requirements of Listing 12.05C under the correct legal standard.

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: June 27, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.